Thomas H. PATTERSON *v.* Charles L. DANIELS,
Director of Labor and REYNOLDS ALUMINUM

CA 79-380                                            596 S.W. 2d 355

Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for publication April 9, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

ERNIE E. WRIGHT, Chief Judge. The claimant appeals from a decision of the Arkansas Board of Review upholding the Appeal Tribunal in denying unemployment benefits on the ground claimant was discharged from his last employment for misconduct connected with his work.·

The claimant was last employed by Reynolds Aluminum and was discharged September 6, 1979, for what the company classified as insubordination. He was employed in March, 1978, as a general laborer to work in any area of the plant as necessary. He had been working a shift that started at 8:00 a.m. since February 17, 1979. He was instructed to come to work on September 6, 1979, at 7:00 a.m. instead of 8:00 a.m. He indicated he would not report for work at the earlier hour. He did not report to work until 8:00 a.m. and was fired.

The agency determined the claimant to be ineligible for benefits because of misconduct connected with the work. The Appeals Referee upheld the agency determination and the Board of Review affirmed.

Section 5(b)(1) of the Arkansas Employment Security Law provides that an employee who is discharged for misconduct in connection with the work should be disqualified for unemployment benefits for eight weeks.

In applying for unemployment benefits the claimant signed a statement that he was discharged because he refused to work a rotating shift and that his doctor had advised him to work first shift. The statement also admits that according to his union contract procedures he should have accepted the change and then filed a grievance. He did not accept the change, and reported for work on his prior schedule at 8:00 a.m. The claimant was then discharged. He was previously warned he would be fired if he did not report at 7:00 a.m. as directed.

The claimant would have been working in a different department and from 7:00 a.m. to 3:00 p.m., rather than

from 8:00 a.m. to 4:00 p.m. He had worked in the department before and was qualified to do the work.

In his appeal from the agency determination the claimant stated that under the union contract he had certain seniority rights which permitted him to turn down the job change. Mr. Demarco, an official of the employer, testified before the Appeals Referee that the claimant was classified as a laborer and that laborers do not have a contractual right to refuse a particular shift.

At the hearing the claimant requested a postponement because his union representative was not present. He did not state which arrangements he had made, if any, for the union representative to be present, and the hearing date had previously been changed at the request of the claimant. The referee declined to grant a postponement. In his petition for appeal to the Board of Review he sought a new hearing because of his union steward not being present at the hearing.

The claimant failed to show diligence in arranging to have his union steward at the hearing, and we find no error in the failure of the Board of Review to order a new hearing.

On appeal the law is well settled that the decision of the Board of Review must be affirmed if it is supported by substantial evidence. Clearly there is substantial evidence to support the decision that the claimant was discharged for misconduct in refusing to report to work as directed.